UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

JUAN CARLOS CORTES HERNANDEZ,

Petitioner,

v.

KRISTI NOEM; PAMELA BONDI; TODD LYONS; GREGORY J. ARCHAMBEAULT; CHRISTOPHER J. LAROSE; EXECUTIVE OFFICE FOR IMMIGRATION REVIEW; IMMIGRATION AND CUSTOMS ENFORCEMENT; DEPARTMENT OF HOMELAND SECURITY,

Respondents.

Case No.:  25-cv-3167-JO-MMP

**ORDER GRANTING PETITIONER'S HABEAS PETITION [DKT. 1]; DENYING PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER AS MOOT [DKT. 2]**

Petitioner Juan Carlos Cortes Hernandez ("Petitioner") filed a petition for writ of habeas corpus [Dkt. 1] and a motion for temporary restraining order ("TRO") [Dkt. 2].  The Court held oral argument on November 24, 2025.  For the reasons stated on the record, the Court ORDERS as follows:

(1) **Habeas Petition and TRO**: The Court GRANTS Petitioner's habeas petition [Dkt. 1] on the first and third claims for relief, brought under *Zadvydas*,

1

*Accardi*, and the Fifth Amendment Due Process Clause.  The Court DENIES Petitioner's motion for TRO [Dkt. 2] as moot.

(2) **Release:** Respondents are ORDERED to release Petitioner by 12 p.m. on November 25, 2025 under the same conditions set forth in his May 3, 2017 Order of Supervision.  Respondents must file a declaration confirming Petitioner's release by 5 p.m. on December 1, 2025.

(3) **Limitations on Removal and Redetention**: Respondents are ENJOINED from removing Petitioner from the United States or from this District, or from redetaining him, unless **all** of the following conditions are met:

    a. Petitioner violates a condition of his release OR the government has obtained travel documents for Petitioner and has made concrete arrangements for his flight in the reasonably foreseeable future; **and**

    b. The government has provided notice and an informal interview, as described in 8 C.F.R. § 241.4(*l*)(1), allowing Petitioner to contest the grounds for revocation; **and**

    c. Respondents file a written declaration with this Court **at least 48 hours prior to any redetention,** confirming that they have satisfied all requirements listed above.

(4) **Restrictions on Removal to a Third Country**: Respondents are ENJOINED from removing Petitioner to any country not designated on his order of removal (*i.e.*, a "third country") unless they comply with **all** of the following procedures:

    a. Respondents must provide Petitioner with written notice identifying the intended country of removal in a language Petitioner understands, and affirmatively ask whether he fears removal to the country identified in the notice;

    b. If Petitioner expresses fear, Respondents must provide a reasonable fear interview **at least 10 days after** issuing the notice, to allow him sufficient time to prepare for the interview;

c. If Respondents determine that Petitioner does have a reasonable fear of removal to the third country, they must move to reopen his removal proceedings to permit him to apply for protection from removal to that third country, including withholding of removal under 8 U.S.C. § 1231(b)(3) and protection under the Convention Against Torture;

d. If Respondents determine that Petitioner does not have a reasonable fear of removal to the third country, they must provide him a reasonable period of time to file a motion to reopen with the immigration court or the Board of Immigration Appeals; **and**

e. Respondents must file a declaration with this Court confirming that they have complied with all the procedures listed above **at least 7 days prior** to removing Petitioner to any third country, to provide Petitioner an opportunity to challenge any further unlawful detention.

**IT IS SO ORDERED.**

Date: November 24, 2025                    _____

Honorable Jinsook Ohta
United States District Judge

3

25-cv-3167-JO-MMP